EMMA C. APGAR, ADMINISTRATRIX, ETC., PLAINTIFF-APPELLANT, v. ERWIN S. COOLEY, DEFENDANT-RESPONDENT.

Submitted January 20, 1931—Decided June 19, 1931.

Before Justices CASE, DALY and DONGES.

For the appellant, *Earl R. Merrill.*

For the respondent, *Charles W. Weeks.*

PER CURIAM.

This appeal brings up a judgment of nonsuit entered in the Plainfield District Court in a suit by the plaintiff administratrix to recover damages for injuries to the automobile of her decedent. The facts are that the suit was begun and service made, and after several adjournments the case proceeded in the absence of the defendant and judgment was entered for the plaintiff. Thereafter a rule to show cause was allowed and upon the return of that rule, upon depositions taken, the court entered an order on September 10th, 1931, in which it was "ordered that said judgment be opened and a new trial held on the 24th day of September, 1930."

On September 24th, 1930, the parties appeared and the plaintiff objected to the proceeding by which the court had opened the judgment and ordered a new trial, asserting irregularity, and then declined to submit any testimony in support of plaintiff's claim, but asserted that the record theretofore made was before the court. Despite the statement of

the judge that the proceeding was a trial *de novo*, plaintiff declined to submit any evidence and took the position that all the court had done was to afford the defendant an opportunity to interpose a defense.

In this situation, there being no evidence before the court and the plaintiff's counsel declining to submit any proofs, a nonsuit was granted on motion.

There was no error in this action. The matter of granting a new trial was in the discretion of the trial judge and it does not appear that there was any abuse of discretion. The order clearly opens the judgment and grants a new trial. This means a trial *de novo*. Upon the refusal of the plaintiff to submit proof, there was no proof to support plaintiff's claim and the trial judge was clearly required to nonsuit.

The judgment is affirmed, with costs.